UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

AARON C. SNEED,

          Plaintiff,

          v.                              CAUSE NO. 3:24-CV-302-JTM-JEM

BROWN, et al.,

          Defendants.

OPINION and ORDER

Aaron C. Sneed, a prisoner without a lawyer, filed a complaint. (DE # 17.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Sneed alleges that, on March 1, 2024, he was relocated to a new dorm. During the relocation, Sgt. William Brown called Sneed a cry baby and then announced to the dorm that Sneed was racist. In response, the dorm members told Sneed he was not safe there. Sneed accused Sgt. Brown of putting his life in danger and said he could not remain in the dorm.

Sneed stepped into the hallway, and Sgt. Brown allegedly punched him with a closed fist. Sgt. Brown also allegedly tried to choke Sneed. Meanwhile, Officer Covington allegedly watched and stated, "Ima [sic] let him beat his ass." (DE # 17 at 2.) When it was over, he was placed in cuffs. An inmate saw the assault. Sgt. Brown, Sgt. R. Thomas, and Officer Covington told the inmate who saw the assault not to say anything. Sneed suffered multiple injuries from the attack.[1]

The Eighth Amendment prohibits cruel and unusual punishment—including the application of excessive force—against prisoners convicted of crimes. *McCottrell v. White*, 933 F.3d 651, 662 (7th Cir. 2019). The "core requirement" of an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the threat posed to the safety of staff and inmates, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* at 890. While further factual development may demonstrate the force used was reasonable, giving Sneed the benefit of all favorable inferences, the court will allow him to proceed on an excessive force claim against Sgt. William Brown.

State actors "who have a realistic opportunity to step forward and prevent a fellow [state actor] from violating a plaintiff's right through the use of excessive force

---

[1] Sneed makes additional allegations against Lt. Rojo, Cpt. Lewis, and Lt. Critdon, but he has not named them as defendants in this action.

2

but fail to do so" may be held liable. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000) (citing *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). Here, it can be plausibly inferred that the alleged unconstitutional actions of Sgt. William Brown lasted sufficiently long enough for Officer Covington to have intervened. Therefore, Sneed may proceed against Officer Covington on a failure to intervene claim.

While Sneed has also named Sgt. R. Thomas as a defendant, his allegations regarding Sgt. Thomas' conduct are not entirely clear. He appears to allege that Sgt. Thomas was present when he was placed in cuffs and when the inmate who witnessed the event was told not to say anything. There are not, however, allegations from which it can be plausibly inferred that Sgt. Thomas either used excessive force against Sneed or failed to intervene in Sgt. Brown's use of excessive force. Therefore, he will not be permitted to proceed against Sgt. Thomas.

For these reasons, the court:

(1) GRANTS Aaron C. Sneed leave to proceed against Sgt. Brown in his individual capacity for compensatory and punitive damages for using excessive force against Sneed on March 1, 2024, in violation of the Eighth Amendment;

(2) GRANTS Aaron C. Sneed leave to proceed against Officer Covington in his individual capacity for compensatory and punitive damages for failing to intervene in Sgt. Brown's use of using excessive force against Sneed on March 1, 2024, in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Sgt. R. Thomas;

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Sgt. Brown and Officer Covington at the Indiana Department of Correction, with a copy of this order and the complaint (DE # 17);

(6) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(7) ORDERS, under 42 U.S.C. § 1997e(g)(2), Sgt. Brown and Officer Covington to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED.**

Date: March 24, 2025

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT