UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| AARON C. SNEED,<br><br>Plaintiff,<br><br>v.<br><br>SGT. BROWN and OFFICER COVINGTON,<br><br>Defendants. | CAUSE NO. 3:24-CV-302-JEM |

OPINION AND ORDER

Aaron C. Sneed, a prisoner without a lawyer, is proceeding against Sgt. William Brown for using excessive force against him on March 1, 2024, and against Officer Jachi Covington for failing to intervene, both in violation of the Eighth Amendment. ECF 19 at 3. The defendants moved for summary judgment. ECF 70. With their motion, they provided Sneed the notice required by Northern District of Indiana Local Rule 56-1(a)(4), along with copies of Federal Rule of Civil Procedure 56 and Local Rule 56-1. ECF 73.

Under Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after service of the motion, separately file a response brief and a Response to Statement of Material Facts with citations to evidence supporting each factual dispute. That deadline has passed, and Sneed has not responded. The motion is ready for a ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

The Eighth Amendment prohibits the "unnecessary and wanton infliction of pain" on prisoners. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). The core requirement for an excessive-force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). Relevant considerations include the need for force, the relationship between that need and the amount of force used, the extent of any injury, the threat reasonably perceived by the officers, and any efforts to temper the severity of the response. *McCottrell v. White*, 933 F.3d 651, 663 (7th Cir. 2019). "From such considerations inferences may be drawn as to whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with

respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." *Id.* (quoting *Whitley*, 475 U.S. at 321).

The defendants submit affidavits describing the following events.[1] On March 1, 2024, Sgt. Brown and Officer Covington moved Sneed and other inmates to 7-dorm within the General Services Complex (GSC). ECF 70-1 at 1; ECF 70-4 at 1. Sgt. Brown had not previously interacted with Sneed. ECF 70-1 at 1. During the move, Sneed repeatedly stated that he did not want to go to GSC. *Id.* As part of the GSC intake process, Sgt. Brown removed unauthorized pockets from Sneed's clothing, consistent with prison policy. *Id.* at 1–2. Sneed then became upset and began directing racial slurs at Sgt. Brown and other officers, agitating the other inmates. *Id.* at 2.

Once they arrived at 7-dorm, Sneed said he would not stay and attempted to leave. ECF 70-1 at 2–3. Sgt. Brown told him he could not leave. *Id.* at 3. Sneed then charged at Sgt. Brown, who stood between him and the dorm's exit. ECF 70-4 at 3. As Sgt. Brown turned to face Sneed, Sneed punched him in the face. ECF 70-1 at 3. The two grabbed each other and fell to the ground. *Id.*

Sgt. Brown wrestled with Sneed on the ground to defend himself, gain control of Sneed, and restore order. ECF 70-1 at 4. He did not punch, choke, or slam Sneed, and he attests that he did not intend to harm him. *Id.* During the struggle, Officer Covington called for backup and maintained crowd control as other inmates gathered to watch.

[1] Because Sneed did not respond to the defendants' summary judgment motion, the court accepts the defendants' attestations as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion.")

ECF 70-4 at 3–4. Sgt. Brown ultimately gained control of Sneed and held him on the ground until support staff arrived. ECF 70-1 at 3-4. The ground struggle lasted approximately one to two minutes before their arrival. *Id.* The responding officers helped place Sneed in handcuffs, after which Sgt. Brown used no additional force. *Id.* at 4. Sgt. Brown and other officers then escorted Sneed to a holding cell. *Id.*

Here, the undisputed evidence establishes that Sgt. Brown used force in a good-faith effort to defend himself and restore order. Sneed charged at Sgt. Brown and punched him in the face, creating an immediate threat and a need for force to regain control. Sgt. Brown responded by wrestling with Sneed and holding him on the ground until support staff arrived approximately one to two minutes later. He did not punch, choke, or slam Sneed, and he used no additional force after Sneed was handcuffed. Applying the *McCottrell* factors, the force was reasonably related to the threat Sneed posed and limited in both nature and duration to bringing him under control. No evidence supports a reasonable inference that Sgt. Brown acted maliciously and sadistically to cause harm. Summary judgment is therefore warranted in his favor on Sneed's excessive-force claim.

A bystander officer may be liable for failing to intervene if he had reason to know that another officer was using excessive force and had a realistic opportunity to prevent it. *Lewis v. Downey*, 581 F.3d 467, 472 (7th Cir. 2009). That claim requires an underlying constitutional violation. *Fillmore v. Page*, 358 F.3d 496, 506 (7th Cir. 2004). Because no reasonable jury could find that Sgt. Brown used excessive force, Officer

Covington cannot be liable for failing to intervene. Summary judgment is therefore warranted in his favor on Sneed's failure-to-intervene claim.

For these reasons, the court:

(1) GRANTS Sgt. Brown and Officer Covington's motion for summary judgment (ECF 70); and

(2) INSTRUCTS the clerk to enter judgment in favor of the defendants and against Aaron C. Sneed and to close this case.

SO ORDERED on this 12th day of November, 2026.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record
Plaintiff, *pro se*